[819 NYS2d 773]

In the Matter of Drew F. Horrell (Admitted as Drew Francis Horrell), a Suspended Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, July 25, 2006

---

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Eddie Still* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee served the respondent with a petition dated March 4, 2005, containing one charge of professional misconduct. A hearing was scheduled for November 14, 2005. The respondent participated in that hearing via telephone in lieu of a personal appearance. After affording the respondent an opportunity to present evidence in mitigation and/or explanation of the charge, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent has neither submitted a reply to the Grievance Committee's motion nor requested additional time in which to do so.

Charge One alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to reregister with the Office of Court Administration (hereinafter OCA) as an attorney and counselor-at-law, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

By letter dated November 7, 2003, the respondent was advised that a sua sponte complaint had been authorized based upon his failure to reregister as an attorney for the previous and/or current registration periods, as required by Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1. Judiciary Law § 468-a (5) provides that noncompliance with the requirements of the statute and the rules promulgated thereunder shall constitute conduct prejudicial to the administration of justice and shall be referred to the appropriate Appellate Division for disciplinary action. By letter dated December 16, 2003, the respondent acknowledged that he had failed to file biennial registration statements for the

registration periods of 1999-2000, 2001-2002, and 2003-2004. The respondent represented that he would cure his delinquency by filing registration statements for the periods specified and by registering as retired from the practice of law.

On October 14, 2004, the Grievance Committee issued a letter of admonition to the respondent based upon his failure to comply with the registration requirements of the Judiciary Law and the rules governing the conduct of attorneys of the Appellate Division, Second Department. The admonition was conditioned upon the respondent's submission of proof, within 30 days of his receipt of the letter of admonition, that he had complied with the registration requirements. The Grievance Committee advised the respondent that if he failed to comply with such condition, it would request authorization to commence a disciplinary proceeding against him and move for his immediate suspension from the practice of law. More than 30 days elapsed following the date he received the letter. The respondent did not comply. He has not filed a biennial registration statement or paid the required registration fees since approximately October 1997.

As of February 25, 2005, the respondent had not filed a biennial registration statement or paid the required registration fees for the periods 1999 through 2004.

Although served with a copy of the Court's order dated August 30, 2005, by personal delivery on or about September 12, 2005, the respondent simply ignored it. He neither served an answer nor requested additional time in which to do so. The Grievance Committee made a motion returnable before the Special Referee on November 14, 2005, to adjudicate the respondent in default for failing to answer the petition, to find the respondent guilty of the charge set forth in the petition, to permit the respondent to present evidence in mitigation, and to recommend that the Appellate Division impose such discipline as the Court deems appropriate.

The Special Referee scheduled a hearing for November 14, 2005, and directed the Grievance Committee to provide notice to the respondent in order to give him one further opportunity to appear and be heard as to why he should not be declared in default due to his failure to answer the petition, and to further afford him an opportunity to present evidence in mitigation of the disciplinary charges. The respondent participated in the proceeding via speaker phone in lieu of a personal appearance. Although the respondent was not under oath, he responded to a series of inquiries from the Special Referee.

In view of the uncontroverted evidence and the respondent's admissions, the Special Referee properly sustained the charge. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent's disciplinary history consists of a letter of admonition dated October 14, 2004, emanating from his drafting wills for his maternal aunt and her husband and various conflicts involved therein. At that time, the Grievance Committee voted to issue a letter of admonition in view of the mitigation presented by the respondent, including his reported health concerns, the representation that he has not practiced law since 1998, and his stated intention to register with OCA as retired from the practice of law, effective as of the registration period commencing in 1999-2000.

In view of his failure to answer the petition and the apparent lack of value that he places on his license to practice law, the respondent is suspended from the practice of law for a period of two years.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and ADAMS, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Drew F. Horrell, admitted as Drew Francis Horrell, is suspended from the practice of law for a period of two years, commencing immediately, with credit for time served under the interim suspension imposed by order of this Court dated August 30, 2005, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of that period upon furnishing satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Drew F. Horrell, admitted as Drew Francis Horrell,

shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Drew F. Horrell, admitted as Drew Francis Horrell, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).